IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAMBALA J.E. HOLLIS,

        Plaintiff

vs.                                         Case No. 14-2494-SAC

AEROTEK, INC., and
BRAD MULCAHY,

        Defendants.

MEMORANDUM AND ORDER

        This employment discrimination case comes before the court on two motions filed by the *pro se* plaintiff Chambala Hollis: Objection and Motion for Review (Dk. 113), and Motion to Stay Summary Judgment Response and Reply (Dk. 119). The court promptly takes up both motions as the parties have timely briefed their positions. The court also will address the parties' responses (Dks. 122 and 125) to the court's show cause order filed October 14, 2015, (Dk. 121), in response to the defendants' Motion for Leave to file under seal (Dk. 117).

        The plaintiff Hollis filed a motion to compel (Dk. 105) that was referred the next day, October 1, 2015, to the Magistrate Judge for decision (Dk. 107). Mr. Hollis attached to his motion the subpoena he mailed to Chad Agnew on September 25, 2015, that directed Mr. Agnew to produce the following:

> an authenticated resume used at time of employment with Aerotek and EC Manufacturing. Notarized affidavit of date of hire, date end, (if any) of employment with EC Manufacturing and Aerotek. Include verifiable employment history prior to applying for work at Aerotek and EC Manufacturing.

(Dk. 105, pp. 5, 8). The subpoena requires Mr. Agnew to produce these matters to Mr. Hollis at an apartment address in Kansas City, Missouri, on October 15, 2015. *Id.* at p. 8. Mr. Hollis filed his motion to compel before October 15, 2015, because Mr. Agnew had called and told him that the matters would not be produced as requested. (Dk. 105, p. 1). Mr. Hollis explains that he had interviewed Mr. Agnew over the telephone earlier in September and sent this subpoena based on information revealed in the interview. Mr. Hollis also explains that he did not receive Mr. Agnew's contact information from the defendants until September 1, 2015, as this was the subject of the magistrate judge's order of August 25, 2015, that had granted his motion to compel. (Dk. 89).

The defendants responded to the motion to compel arguing that the plaintiff had abused the subpoena process by asking Mr. Agnew to create a notarized affidavit and to authenticate a copy of his resume. The defendants contended the subpoena exceeded the proper scope of Fed. R. Civ. P. Rule 45 by demanding that Mr. Agnew create documents that do not exist. The defendants' counsel said it was his impression from talking with Mr. Agnew that he had no copies of the resume used during his application

for employment with Aerotek. The defendants argued the court should deny the motion to compel as an improper use of subpoenas.

In reply, the plaintiff objected to the defendants' counsel opposing his motion to compel without entering any appearance on behalf of Mr. Agnew who had not filed any objection pursuant to Fed. R. Civ. P. 45(d)(2)(B).[1] (Dk. 110). The plaintiff offered that he simply wanted Mr. Agnew to make a sworn statement that the resume produced by him was the same resume he used when he was hired by the defendants. He attached emails in which the defendants' counsel denied his request for a copy of Mr. Agnew's resume for the reasons that the plaintiff had never requested this document during discovery, that this was not a document the defendants would use in their defense, and that this was a new discovery request being made after discovery had closed.

The magistrate judge entered an order denying the plaintiff's motion to compel on two grounds. First, because the plaintiff had requested compliance for the subpoena in Kansas City, Missouri, the magistrate judge found he could not enforce the subpoena or grant the relief requested. *See* Fed. R. Civ. P. 45(f) and (g). Alternatively, the magistrate judge relied on

---

[1] The standing of the defendants is not dispositive here, because it is well-recognized that courts have inherent power to deal with untimely subpoenas as part of their authority to control litigation before them. *Morrison v. Chartis Property Cas. Co.*, 2014 WL 5341785 at *1 (N.D. Okla. Oct. 20, 2014) (citing in part *See Galloway v. Islands Mechanical Contractor, Inc.*, 2013 WL 163985, *4 (D.V.I. Jan. 14, 2013); *Peterbilt of Great Bend, LLC v. Doonan*, 2006 WL 3193371, *2 (D. Kan. Nov. 1, 2006)).

the pretrial order as closing discovery on September 1, 2015, except for that discovery agreed to by the parties but that the court would not be involved in resolving disputes after that date. The magistrate judge held that even if the plaintiff's motion were filed in the Western District of Missouri, it is untimely. (Dk. 112).

The plaintiff timely seeks review of the magistrate judge's order. (Dk. 113). The plaintiff argues that Mr. Agnew was commanded to produce documents within 100 miles of his residence, Fed. R. Civ. P. 45(c)(2)(A), and that he is asking the same court which issued the subpoena to enforce it. He also lays out his position of having limited time to contact Mr. Agnew and of having to deal with the defendants' counsel refusal to cooperate with additional discovery on Mr. Agnew. The plaintiff claims that he was unaware of Mr. Agnew's resume until October 2, 2015, and that he could not have discovered it earlier because the defendants now allege it does not exist. The plaintiff somehow concludes this shows the existence of this document was not known until after the discovery deadline.

The defendants agree with the magistrate judge's order that a motion to compel must be filed in the district where compliance is required. They also cite Fed. R. Civ. P. 45(d)(2)(B)(i) and federal case law supporting this plain reading of the rule. The defendants mention the magistrate judge's ruling on timeliness in a footnote. Finally, they repeat their argument that Rule 45 cannot be used to force a non-party to create documents.

The parties' filings do not reflect that Mr. Agnew has served any written objections as to trigger the motion for compliance proceedings in Fed. R. Civ. P. 45(d)(2)(B). Thus, the situation presents itself as Mr. Agnew having failed to obey the subpoena which comes under Fed. R. Civ. P. 45(g): "The court for the district where compliance is required—and also, after motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Thus, the magistrate judge correctly held that the plaintiff has filed his motion to enforce the subpoena in the wrong district as he is seeking compliance or production in Kansas City, Missouri. The plaintiff's arguments to the contrary are summarily rejected as based on inapplicable parts of Fed. R. Civ. P. 45(c). The issue here is the court's authority to enforce a subpoena when compliance is required in another district, and the magistrate judge rightly relied on the applicable provisions.

On the timeliness of the plaintiff's motion, the magistrate judge noted that the scheduling order and the pretrial order set September 1, 2015, as the completion date for discovery. The pretrial order further states:

> Discovery is complete.
> Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions or other pretrial preparations. Although discovery may be conducted beyond the deadline for completion of discovery if all parties are in agreement to do so, under these circumstances the court will not be available to resolve any disputes that arise during the course of such extended discovery.

5

(Dk. 103, p. 11).  Rule 45 subpoenas for production of documents from third parties are untimely if served after the discovery deadline expires. *See Hunsaker v. Proctor & Gamble Manufacturing Co.*, 2010 WL 5463244 at *1 (D. Kan. Dec. 29, 2010). This is consistent with the understanding that Rule 45 subpoenas issued in similar circumstances constitutes discovery and is subject to the court's discovery orders and deadlines. *See Circle Group, L.L.C. v. Southeastern Carpenters Regional Council*, 836 F. Supp. 2d 1327, 1351-52 (N.D. Ga. 2011) (and cases cited therein); *Rajala v. McGuire Woods, LLP*, 2010 WL 4683979 at *7 (D. Kan. Nov. 12, 2010). A Rule 45 subpoena is not to be used as "an improper attempt to circumvent the discovery deadline." *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585, 588 (S.D Ala. 2010); *See Circle Group*, 886 F. Supp. 2d at 1352; *Rice v. United States*, 164 F.R.D. 556, 558 n. 1 (N.D. Okla. 1995); *Peterbilt of Great Bend, LLC v. Doonan*, 2006 WL 3193371 at *2 (D. Kan. Nov. 1, 2006); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 (3d ed. 2008) (Because Rule 26 and 34 still control discovery, "parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery.").

      The plaintiff argues the court should grant his untimely motion just as the courts have considered and granted untimely motions to compel in *Continental Cas. Co. v. Multiservice Corp.*, 2008 WL 73345 (D. Kan. Jan.

7, 2008); and *Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534 (D. Kan. Jan. 7, 2005). In those cases, the magistrate judges addressed a party's failure to file a motion to compel within the thirty-day period of D. Kan. Rule 37.1(b). Those cases are inapplicable here. Rather than missing a filing deadline for a motion to compel, Mr. Hollis is seeking to pursue discovery after the discovery deadline fixed in the pretrial order has expired. A court does not abuse its discretion in denying an untimely motion to compel discovery of a Rule 45 subpoena duces tecum that violates "unambiguous discovery deadlines." *Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 Fed. Appx. 505, 508 (6th Cir. Feb. 6, 2014); *see* Wantanabe *Realty Corp. v. City of New York*, 159 Fed. Appx. 235, 241 n. 2 (2nd Cir. Dec. 5, 2005) ("Rule 45 subpoenas may not be used circumvent discovery deadlines."). What the plaintiff is effectively asking the court here to do entails amending the pretrial order and extending the discovery deadline. *See Brigham v. Colyer*, 2010 WL 3909824 at *2 (D. Kan. Oct. 1, 2010). The party wanting to amend the final pretrial order has the burden of establishing that manifest injustice would occur without the amendment. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000). The plaintiff's arguments fail to establish that before discovery ended in this case, he could not have served a Rule 45 subpoena on Mr. Agnew and could not have served a request for production on the defendants. The plaintiff's efforts to explain or justify his delay are

7

unconvincing in that they do not make sense, do not demonstrate diligence on his part, and do not show a discovery dispute to be the reasonable cause for his delay. The court finds nothing in the plaintiff's briefs that approaches manifest injustice. Thus, after reviewing the magistrate judge's order, the court finds no error and denies the relief requested in the plaintiff's objection and motion (Dk. 113).

The court grants the plaintiff's motion to stay (Dk. 119) his response pending a ruling on his motion for review. The plaintiff's response to the defendants' motion for summary judgment must be filed and served within 21 days from the filing date of this order. *See* D. Kan. Rule 6.1(d)(2).

The court issued a show cause on October 14, 2015, directing the parties to file written responses why the defendants' motion for leave to file excerpts of the plaintiff's deposition under seal should not be summarily denied for the reasons given and the authorities cited in the order. (Dk. 121) The defendants have responded that they were not responsible for designating any portion of the plaintiff's deposition as confidential. (Dk. 122). They also state that they do not believe their Exhibit I, the subject of their motion for leave, includes any confidential information. *Id.* The plaintiff has responded that he has no objection to the defendants' use of his deposition except for his testimony on two specific incidents unrelated to the facts of this case. (Dk. 125). The plaintiff does not indicate that this particular testimony is part of the defendant's Exhibit I. Because the parties'

8

responses fail to identify specifically what portions of Exhibit I implicate any confidential interests of the plaintiff, there has been no specific showing of significant interests and of non-speculative harm as to overcome the presumption of public access. Without this burden met, the court will not seal this exhibit or any part of it. The defendants' motion for leave to file under seal is denied.

IT IS THEREFORE ORDERED that the plaintiff's Objection and Motion for Review (Dk. 113) of the magistrate judge's order is denied,

IT IS FURTHER ORDERED that the plaintiff's Motion to Stay Summary Judgment Response and Reply (Dk. 119) is granted, and his response now must be filed and served within 21 days from the filing date of this order;

IT IS FURTHER ORDERED that the Defendant's Motion for Leave to File Document Under Seal (Dk. 117) is denied.

Dated this 23rd day of October, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge