IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHAMBALA J.E. HOLLIS,

        Plaintiff,

vs.                        Case No. 14-2494-SAC

AEROTEK, INC. and BRAD MULCAHY,

        Defendants.


**MEMORANDUM AND ORDER**

On December 9, 2015, the court granted summary judgment to defendants in this case and permitted defendants to recover costs from plaintiff.  Plaintiff appealed the judgment which was affirmed by the Tenth Circuit Court of Appeals.  A mandate has issued.

This case is now before the court upon plaintiff's motion to dismiss and/or deny defendants' bill of costs.  Defendants seek costs in the amount of $1,405.75 which constitutes the reporter's fee for plaintiff's deposition.  Plaintiff argues that the bill of costs should be denied because plaintiff was granted in forma pauperis status and his only source of income is his Social Security disability benefits.

Costs are presumptively awarded to the prevailing party. FED.R.CIV.P. 54(d)(1).  Plaintiff, as the non-prevailing party, has the burden to overcome the presumption.  Coleman v. Blue

1

Cross Blue Shield of Kansas, 2008 WL 4974822 *1 (D.Kan. 11/14/2008). Indigency may provide a basis for denying costs. Cantrell v. Int'l Bhd. Of Elec. Workers, 69 F.3d 456, 459 (10th Cir. 1995). But, this court has held that "even if the non-prevailing party is indigent, a district court does not abuse its discretion in awarding costs when there is no apparent reason to penalize the prevailing party." Wilkins v. Kmart Corp., 2009 WL 331620 *1 (D.Kan. 2/10/2009)(citing Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190-91 (10th Cir. 2004) and Sandle v. Principi, 201 Fed.Appx. 579, 583 (10th Cir. 2006)); see also, Dyer v. U.S.D. No. 500, 63 F.Supp.3d 1326, 1328 (D.Kan. 2014)(financial status is an element to consider, but not a controlling factor).

Here, plaintiff has not supplied proof of indigency other than his assertion that his only source of income is disability benefits from Social Security. There is evidence, however, that plaintiff has and can supplement his disability benefits income. Plaintiff's affidavit in support of his in forma pauperis application (Doc. No. 3-1, filed October 3, 2014) indicates that, in addition to receiving Social Security benefits, plaintiff was earning wages from a part-time job. Defendants have also submitted plaintiff's answers to interrogatories which indicate that plaintiff has had other part-time employment. In addition, plaintiff filed this lawsuit because he claimed he was

2

illegally denied full-time employment. This suggests that plaintiff is capable of working a 40-hour week.

Upon review of the materials presented, the court finds that plaintiff has not carried the burden of showing that he is incapable of paying the bill of costs in this case at this time or in the future.[1] Nor has plaintiff demonstrated or the court ascertained a reason to penalize defendants in this case. The court has also considered the merit of plaintiff's complaint. The court does not find that plaintiff proceeded in bad faith. But, this case was not so close or difficult that costs should be denied to defendant.

Based on these findings and the record before the court, plaintiff's motion to dismiss and/or deny defendants' request for an order taxing costs (Doc. No. 154) shall be denied. The court directs that costs be taxed against plaintiff in the amount of $1,405.75.

**IT IS SO ORDERED.**

Dated this 7th day of September, 2016, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[1] This court has held that proof of indigency requires a showing that the non-prevailing party is incapable of paying costs at this time or in the future. <u>Dyer</u>, 63 F.Supp.3d at 1329-30; <u>Treaster v. Healthsouth Corp.</u>, 505 F.Supp.2d 898, 901-02 (D.Kan. 2007).